IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANN MARIE GOULD,<br><br>              Plaintiff,<br><br>vs.<br><br>SYNCHRONY BANK,<br><br>              Defendant. | **8:25CV450**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint on July 14, 2025. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff, a citizen of Nebraska, brings this action against Synchrony Bank ("Defendant") located in Wilmington, Delaware, for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. Plaintiff alleges she sent a letter to Defendant on August 12, 2024, "requesting that they cease communication with [her] under 15 USC 1692c § 805. [Plaintiff] was repeatedly phoned from a variety of different numbers over 200 times from Synchrony Bank, from August of 2024 until now." Filing No. 1 at 4. Plaintiff has "experienced emotional distress due to the continued harassment" and seeks $1,000 in statutory damages and $500,000 for emotional distress and economic loss as it is "more difficult to find a job and work." *Id*. at 4–5.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  See 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).  This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).  However,

even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III.  ANALYSIS

Liberally construed, Plaintiff alleges Defendant violated the FDCPA by continuing to call Plaintiff after she requested they cease communications with her pursuant to 15 U.S.C. § 1692c.

The purpose of the FDCPA, 15 U.S.C. §§ 1692 *et seq*., is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "For a violation of the FDCPA, a plaintiff must prove: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; [and] (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Reynolds v. Credit Mgmt. Servs., Inc.*, No. 8:14CV391, 2016 WL 756469, at *2 (D. Neb. Feb. 25, 2016) (citing *Pace v. Portfolio Recovery Assocs., L.L.C.*, 872 F. Supp. 2d 861, 864 (W.D. Mo. 2012)).

As relevant here, Plaintiff alleges a violation of section 1692c of the FDCPA, which provides that "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt," subject to certain exceptions.  15 U.S.C. § 1692c(c).  By its terms, this provision only applies to "debt collectors."  A "debt collector" within the meaning of the FDCPA includes "any person who uses any instrumentality of

interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Debt collectors" who fail to comply with the FDCPA may be held liable for actual damage incurred from the violation, plus damages not exceeding $1,000 "in the case of any action by an individual." 15 U.S.C. § 1692k(a)(1)–(2)(A).

Here, Plaintiff does not allege any facts to show that Defendant is a "debt collector" within the meaning of the FDCPA. All the Court can infer from Plaintiff's allegations is that Defendant is a bank, but Plaintiff does not allege any facts at all to suggest that Defendant collects debts for other, unrelated entities, or that its principal business is to collect debts as defined in 15 U.S.C. § 1692a. "Plaintiff must do more than merely plead legal conclusions; [s]he must plead facts sufficient to establish that Defendant is a 'debt collector.'" *Whitledge v. Carrington Mortg. Servs., LLC*, No. 15-CV-2686, 2015 WL 6561731, at *6 (D. Minn. Oct. 5, 2015), *report and recommendation adopted*, No. 15-2686, 2015 WL 6561493 (D. Minn. Oct. 29, 2015).

Nor does Plaintiff allege any facts regarding the reason or content of Defendant's communications with her such that the Court may infer that Defendant's communications related to the collection of a debt. "[W]here there are no allegations that a debt collector 'attempted to collect on a debt,' a plaintiff has no claim under the FDCPA." *Rios v. Gen. Serv. Bureau*, No. 8:09CV320, 2010 WL 323533, at *1 (D. Neb. Jan. 20, 2010) (citing *Russell–Allgood v. Resurgent Capital Servs., L.P.*, 515 F.Supp.2d 1307, 1310–11 (N.D.Ga.2007), vacated on other grounds).

4

Because of these pleading deficiencies, the Court finds that Plaintiff has failed to plead sufficient facts to plausibly state a claim upon which relief may be granted under the FDCPA, and her Complaint is, therefore, subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). However, on the Court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that states a plausible claim for relief under the FDCPA against Defendant and addresses the deficiencies discussed above. Plaintiff is advised that any amended complaint she files will supersede her original Complaint.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event she files an amended complaint.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **February 17, 2026**: deadline for amended complaint.

5. Plaintiff shall keep the Court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 16th day of January, 2026.

BY THE COURT:

*signature*

Joseph F. Bataillon
Senior United States District Judge